IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


BRENDA BELL BOLEY                                              PLAINTIFF

       v.                              CIVIL NO. 13-5225

CAROLYN W. COLVIN, Commissioner
Social Security Administration                              DEFENDANT


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

       Plaintiff, Brenda Bell Boley, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying her claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI

of the Social Security Act (Act).  In this judicial review, the Court must determine whether there

is substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

**I.      Procedural Background:**

       Plaintiff protectively filed her current applications for DIB and SSI on June 21, 2006,

alleging an inability to work since March 10, 2005, due to headaches, frequent and debilitating

migraines, severe depression, neck and shoulder pain, and an Arnold-Chiari malformation.[1] (Tr.

225, 228, 272).  For DIB purposes, Plaintiff maintained insured status through December 31,

---

[1] Arnold-Chiari malformation is defined as a herniation of the cerebellar tonsils and vermis through the foramen magnum into the spinal canal. See Dorland's Illustrated Medication, Dictionary at 1098, 32nd Edition (2012).

2008.  (Tr. 99, 242).  An administrative hearing was held on May 16, 2007, at which Plaintiff appeared with counsel and testified.  (Tr. 33-60).

In a written decision dated September 23, 2008, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work with limitations. (Tr. 99-110).  Plaintiff requested a review of the unfavorable decision by the Appeals Council.  (Tr. 148-149).  The Appeals Council vacated the ALJ's September 23, 2008, decision, and remanded Plaintiff's case back to the ALJ on November 19, 2010.[2]  (Tr. 111-114).  A supplemental administrative hearing was held on March 1, 2012.  (Tr. 61-91).

By written decision dated May 18, 2012, the ALJ found Plaintiff was not disabled prior to December 27, 2010, but that Plaintiff became disabled on that date and remained disabled through the date of the decision.  (Tr. 15).  The ALJ found since the alleged onset date of disability, March 10, 2005, Plaintiff had the following severe impairments: Chiari I malformation, status postoperative, myofascial pain, fibromyalgia, generalized osteoarthritis, degenerative disc disease in her cervical spine, and an adjustment disorder with depressed mood. (Tr. 17).  The ALJ found on the date Plaintiff became disabled, December 27, 2010, Plaintiff had the following severe impairments:  Chiari I malformation, status postoperative, myofascial pain, fibromyalgia, generalized osteoarthritis, degenerative disc disease in her cervical spine, major depression, severe, recurrent with psychosis, and an anxiety disorder.  (Tr. 17).

After reviewing all of the evidence presented, the ALJ determined that since the alleged onset date, Plaintiff's impairments did not meet or equal the level of severity of any impairment

---

[2] The Appeals Council associated a subsequent DIB application filed by Plaintiff on September 9, 2009, with the applications currently before the Court.  (Tr. 113).

-2-

listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 17).
The ALJ found that prior to December 27, 2010, the date Plaintiff became disabled, Plaintiff
maintained the RFC to:

> lift/carry 10 pounds occasionally and less than 10 pounds frequently, sit six hours
> in an eight-hour day, sit three hours without interruption, stand/walk two hours
> in an eight-hour day and stand/walk one hour without interruption.  In addition,
> on her dominant side, she could occasionally reach overhead, she could
> frequently reach in all other directions, and she could frequently handle, finger,
> feel and operate hand controls.  On her non-dominant side, she could frequently
> handle, finger and feel but only occasionally operate hand controls.  She could
> not climb ladders, ropes or scaffolds, she could occasionally climb ramps and
> stairs, stoop, crawl, kneel, crouch and balance.  In addition, she had to avoid
> hazards such as unprotected heights and heavy moving machinery, avoid
> temperature extremes and heavy vibrations.  Further, she could understand,
> remember and carry out simple, routine and repetitive tasks and respond to usual
> work situations and ordinary work changes, and she could occasionally interact
> with supervisors, coworkers and the general public.

(Tr. 18).  With the help of a vocational expert, the ALJ determined that prior to December 27,
2010, Plaintiff could perform work as a credit card call out operator, and a surveillance systems
monitor.  (Tr. 25).  The ALJ found that as of December 27, 2010, Plaintiff became disabled, and
continued to be disabled through the date of the decision.  (Tr. 25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which
denied that request on August 8, 2013.  (Tr. 1-4).  Subsequently, Plaintiff filed this action.  (Doc.
1).  Both parties have filed appeal briefs, and the case is before the undersigned for report and
recommendation. (Docs. 14, 15).

The Court has reviewed the entire transcript.  The complete set of facts and arguments
are presented in the parties' briefs, and are repeated here only to the extent necessary.

AO72A
(Rev. 8/82)

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. <u>Ramirez v. Barnhart</u>, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. <u>Edwards v. Barnhart</u>, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. <u>Haley v. Massanari</u>, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. <u>Young v. Apfel</u>, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. <u>Pearsall v. Massanari</u>, 274 F.3d 1211, 1217 (8th Cir.2001); <u>see</u> <u>also</u> 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

-4-

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. §§ 404.1520, 416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**III.    Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination.  RFC is the most a person can do despite that person's limitations.  20 C.F.R. § 404.1545(a)(1).  A disability claimant has the burden of establishing his or her RFC.  See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004).  "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations."  Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be

-5-

supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ determined that Plaintiff was able to perform sedentary work with limitations prior to December 27, 2010, the date Plaintiff was determined to be disabled under the Act. A review of the record reveals that during the relevant time period, Plaintiff sought treatment for muscle tension headaches, migraine headaches, weakness in the upper extremities, intermittent numbness and tingling of the upper extremities, balance problems, an Arnold-Chiari malformation, and fibromyalgia. In determining Plaintiff's RFC prior to December 27, 2010, the ALJ stated that he gave more weight to the April 20, 2008, opinion of Dr. Thomas S. Kiser, as this opinion was more consistent with the record as a whole. (Tr. 728-733). A review of Dr. Kiser's opinion reveals that Dr. Kiser indicated that Plaintiff could sit for a total of eight hours, three hours without interruption; and that Plaintiff could stand and/or walk up to one hour each in an eight-hour workday, one hour without interruption. However, Dr. Kiser's opinion appears to be internally inconsistent as he indicates Plaintiff can sit for three hours, but then also indicates that Plaintiff would need to be allowed to change positions frequently. As the ALJ determined that Plaintiff was able to perform work as a call out operator,[3] which requires that she sit most of the day, the Court believes remand is necessary so that the ALJ can direct interrogatories to Dr. Kiser asking that Dr. Kiser address the inconsistencies in his April of 2008 assessment.

The ALJ also discounted Dr. Daniel S. Weeden's September of 2006, opinion that Plaintiff was unable to work when she was having a migraine. (Tr. 578). In doing so, the ALJ

---

[3] See DICOT § 237.367-014 at www.westlaw.com

-6-

found that the ability to work was a determination reserved for the Commissioner, and that at the time Dr. Weeden made this finding his treatment relationship with Plaintiff had been very short. As it appears Dr. Weeden continued to treat Plaintiff, and Plaintiff continued to have issues with headaches, the Court recommends that the ALJ also direct interrogatories to Dr. Weeden asking him to complete a RFC assessment to help clarify Plaintiff's capabilities during the relevant time period.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC for the relevant time period, and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

## IV.   Conclusion:

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of September, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)