IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRENDA BELL BOLEY                                                         PLAINTIFF

V.                          CASE NO. 5:13-CV-05225

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                            DEFENDANT

ORDER

Plaintiff Brenda Bell Boley appealed the Commissioner's denial of benefits to this Court. On October 17, 2015, judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 20). Plaintiff now moves for an award of $3,600.00 in attorney's fees and expenses under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 20.00 attorney hours of work before the Court at an hourly rate of $180.00 for work performed in 2013, 2014, and 2015.[1] (Docs. 23-24). Defendant filed a response to Plaintiff's application, stating that she does not oppose an award to Plaintiff in the amount requested. (Doc. 25).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807

---

[1] The Court notes that Plaintiff's counsel filed an amended petition for attorney's fees to correct an error regarding her itemization of time.

F.2d 127, 128 (8th Cir. 1986). Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party. After reviewing the file, the Court finds that Plaintiff is a prevailing party in this matter.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood*, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *Clements v. Astrue*, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); *see also Decker v. Sullivan*, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement . . . stating the actual time expended and the rate at which fees and other

expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the Court may reduce the award accordingly. *Hensley*, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA for 20.00 hours of attorney work performed in 2013, 2014, and 2015, at an hourly rate of $180.00. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. *Hensley,* 461 U.S. at 437. Attorney fees may not be awarded in excess of $125.00 per hour—the maximum statutory rate under § 2412(d)(2)(A)—unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).

Pursuant to General Order 39,[1] which references the Consumer Price Index (CPI) – South, the Court finds that an enhanced hourly rate based on a cost of living increase is appropriate, and counsel will be compensated at $180 per hour.

---

[1] Per General Order 39, the allowable rate for each year is a follows, and for simplicity sake, the figure is rounded to the nearest dollar:

2013 - 223.109 x 125 divided by 152.4 (March 1996 CPI -South)=$182.99/hour-$183.00.

2014 - 227.082 x 125 divided by 152.4 (March 1996 CPI -South) = $186.25/hour-186.00.

2015 - 228.451 x 125 divided by 152.4 (March 1996 CPI-South) = $187.38/hour - $187.00.

Before addressing the time requested, the Court notes that Plaintiff's counsel's failure to timely serve the Complaint caused delay. A review of the docket shows that the Complaint was filed on October 7, 2013, and Plaintiff's motion to proceed *in forma pauperis* (IFP) was granted on October 8, 2013. (Docs. 1, 5). On October 10, 2014, a show cause order was entered directing Plaintiff's counsel to explain why over a year after the complaint had been filed and IFP had been granted, no summons had been issued and the Complaint had not been served. (Doc. 7). After a show cause hearing, an order was entered on November 26, 2014, admonishing Plaintiff's counsel for failing to serve the Complaint in a timely manner, and informing Plaintiff's counsel that her failure to comply with Court orders in the future might result in sanctions and a report to the Committee on Professional Conduct. (Doc. 12).

The Court next addresses the number of hours Plaintiff's counsel claims she spent working on this case.

### I.    EXCESSIVE TIME

Plaintiff's counsel seeks a total of 0.30 hours for work performed on February 23, 2015, and February 25, 2015, relating to Plaintiff's counsel's motion for an extension of time to file Plaintiff's brief in this case due to a personal matter. While the Court found good cause to grant the motion for extension, the Court does not find it reasonable for Plaintiff's counsel to now request payment for work created due to her inability to comply with the Court's scheduling order, especially in light of the delay Plaintiff's counsel caused in not serving the complaint timely. Accordingly, the Court will deduct 0.30 hour from the total compensable time sought by counsel.

## II.   PREPARATION OF THE EAJA STATEMENT

Plaintiff's counsel seeks 2.70 hours for the preparation of the EAJA pleadings. The Court finds the time sought to be excessive given that the petition and brief appear to be the standard petition and brief submitted by Plaintiff's counsel in social security cases. Specifically, the Court notes that with the exception of the style of the case and the introductory paragraph, Plaintiff's counsel files almost identical briefs with all of her petitions for attorney's fees. The Court would further note that the brief in support of the petition for attorney's fees had both formatting and punctuation errors. Plaintiff's counsel also filed an amended petition for fees because her first petition had an error. Furthermore, General Order 39, clearly sets out the hourly rate allowed for work performed in social security cases in this district, so the research and calculation of the consumer price index is completely unnecessary. The Court will, therefore, deduct 1.70 hours from the total compensable time sought by counsel.

Based upon the holding in *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

## III.   CONCLUSION

Based upon the foregoing, the Court finds that Plaintiff is entitled to an attorney's fee award under the EAJA for: 2.80 attorney hours for work performed in 2013, at hourly rate of $180.00; 0.60 attorney hour for work performed in 2014, at hourly rate of $180.00; and 14.60 (16.60-2.00) attorney hours for work performed in 2015, at an hourly rate of $180.00, for a total attorney's fee of $3,240.00. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

**IT IS SO ORDERED** on this 1st day of April, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE